IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES A. WRIGHT,                                                                                    PLAINTIFF

v.                    Civil No. 1:24-CV-01034-SOH-CDC

BILL SCHAEFER, Detective, Magnolia Police Department;
JERRY MANESS, Deputy Sheriff, Columbia County Sheriff Department; and
JASON CAMPBELL, Detective,
                                                                                                   DEFENDANTS.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff James A. Wright, a prisoner, initiated the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

Plaintiff did not submit his original complaint on the court-approved § 1983 form. Thus, United States Magistrate Judge Barry Bryant ordered plaintiff to submit an amended complaint on the approved form. (ECF No. 3). Upon receipt of the Amended Complaint, (ECF No. 5), Judge Bryant granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), (ECF No. 6). The Amended Complaint is therefore now before this Court for preservice review pursuant to 28 U.S.C. § 1915A(a) of the Prison Litigation Reform Act ("PLRA"). Upon that review and for the reasons outlined below, this Court recommends that this matter be dismissed without prejudice for failure to state a cognizable claim. *See* 28 U.S.C. § 1915A(b)(1).

## BACKGROUND

Plaintiff's Amended Complaint sets forth two claims for relief. First, Plaintiff says that

1

in August 2023, he provided Defendants Schaefer and Campbell with an affidavit containing information to gather evidence on a third party, but as of May 27, 2024, neither detective has investigated any of his claims. (ECF No. 5, p. 4). Second, Plaintiff says that in March 2024, he gave Defendant Maness an affidavit and filed a report with the Magnolia Police Department ("MPD") about property that had been stolen from his home but none of the Defendants investigated his report. *Id.*, p. 5. Plaintiff claims that the defendants demonstrated "deliberate indifference" in failing to investigate his reports and violated the Equal Protection Clause of the Fourteenth Amendment. *Id.*, p. 4. Plaintiff identifies the defendants in their individual and official capacities. Plaintiff requests compensatory damages for his stolen property, which he believes would have been recovered if his report had been properly investigated, punitive damages, and an order reprimanding the defendants for their purported failure to investigate his claims. *Id.*, p. 9.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915A(a) of the PLRA, the Court must review a civil complaint initiated by a prisoner prior to service of process being issued. The Court must dismiss the complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While courts must liberally construe a pro

se complaint, "they still must allege sufficient facts to support the claims advanced," *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## DISCUSSION

Plaintiff does not explicitly assert any cause of action. That said, he claims that Defendants have violated the Equal Protection Clause of the Fourteenth Amendment. As there is no direct cause of action under the United States Constitution, this Court construes Plaintiff Amended Complaint to allege a cause of action under 42 U.S.C. § 1983. *See Quality Refrigerated Services, Inc. v. City of Spencer*, 908 F. Supp. 1471, 1487 n.9 (N.D. Iowa 1995) ("There is simply no direct cause of action arising out of the Constitution itself against municipal officials for alleged constitutional violations.").

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). But first, this Court must consider whether Plaintiff has standing to bring his claims. "[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *Pratt v. Helms*, 73 F.4th 592, 594 (8th Cir. 2023) (quoting *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007)). "The plaintiff bears the burden to allege an injury in fact, causation, and redressability." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "To support standing, an injury must be legally and judicially cognizable." *Id.* (quoting *Va. House of Delegates v. Bethune-Hill*, 587 U.S. 658, 666 (2019)).

Here, Plaintiff claims that Defendants violated his constitutional rights by (1) failing to investigate his claims about another person; and (2) failing to investigate his claims that he was

3

the victim of a crime. Plaintiff lacks standing to bring such claims.

Taking these in reverse order, the United States Court of Appeals for the Eighth Circuit has recently held that a crime victim does not have standing to sue public officials for their purported failure to investigate the crime that was allegedly committed against him. *Pratt*, 73 F.4th at 594. This Court, therefore, lacks jurisdiction to consider Plaintiff's claim that Defendants Maness, Schaefer, and Campbell failed to investigate his report that his property was stolen from his home. Thus, this claim should be dismissed.

This leaves Plaintiff's claim that the defendants failed to investigate his claims about *another person*. In *Parkhurst v. Tabor*, 569 F.3d 861(8th Cir. 2009), the Eighth Circuit held that "a crime victim cannot sue a government official for failing to prosecute his assailant." *Pratt*, 73 F.4th at 594 (citing *Parkhurst*, 569 F.3d at 865). In *Pratt*, the Eighth Circuit extended its ruling in *Parkhurst* to hold that crime victims have no standing to sue officials for failing to *investigate* the crime itself. *Pratt*, 73 F.4th at 594. Similarly, the United States Supreme Court has held that "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another' and therefore lacks standing to sue an official for his alleged failure to prosecute an alleged criminal." *Id.* (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Applying the Eighth Circuit's analysis in *Pratt*, since a person has no standing to sue a public official for failing to *prosecute* another for his purported crimes, this Court sees no basis to conclude that a person has standing to sue public officials for their failure to *investigate* the purported criminal activity of a third-party, particularly where, as here, Plaintiff asserts no facts to suggest that he was harmed in any way by this activity. Accordingly, Plaintiff has no standing to sue Defendants Schaefer and Campbell for failing to investigate his claims about a third-party. This claim should

therefore be dismissed, as well, for lack of jurisdiction.

Finally, even if Plaintiff has standing to sue (which he does not), he has failed to assert an Equal Protection claim. To establish a violation of the Equal Protection Clause, the plaintiff "must show that he was treated differently than other persons who were 'in all relevant respects similarly situated.'" *Flowers v. City of Minneapolis, Minn.*, 558 F.3d 794, 798 (8th Cir. 2009) (quoting *Bills v. Dahm*, 32 F.3d 333, 335 (8th Cir. 1994)). Here, Plaintiff fails to plausibly allege any facts suggesting that he was treated differently than those similarly situated to him. Accordingly, Plaintiff's Equal Protection claim fails as a matter of law.

## CONCLUSION

In sum, having reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's Amended Complaint (ECF No. 5) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim; and (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: No longer referred.**

**DATED** this 13th day of June 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE